# UNITED STATES DISTRICT COURT

## For the

## Western District of Louisiana

## Lake Charles Division

Case No. _____

**Westlake Management Services, Inc.**

v.

**Arnold Onken, Jr.**

<u>PETITION FOR DECLARATORY JUDGMENT</u>

1.

Westlake Management Services, Inc. is the Plan Administrator of a Pension Agreement ("the Plan") between the Defendant and his former employer. The Plan is governed by the Employee Retirement Insurance Security Act (29 U.S.C. 1001, *et seq.*).

2.

Westlake Management Services, Inc. is a fiduciary of the Plan (Section 5.9(a) of the Plan document) and has standing to bring this action under 29 U.S.C. 1132(a)(3) as a fiduciary seeking to obtain appropriate equitable relief to enforce the terms of the Plan.

3.

Arnold Onken, Jr. is a plan participant.

### JURISDICTION AND VENUE

4.

This Court has exclusive jurisdiction to adjudicate this action under 29 U.S.C. 1132(e)(1).

5.

Venue is proper because the Defendant resides in the Western District of Louisiana.

STATEMENT OF THE CLAIM

6.

The Defendant is a former employee of PPG Industries, Inc. or its successor in interest, Axiall Corporation. On August 31, 2016, Westlake Chemical Corporation completed the acquisition of Axiall Corporation in an all-cash transaction pursuant to the terms of the Agreement and Plan of Merger dated as of June 10, 2016, by and between Westlake Chemical Corporation, Axiall Corporation, and Lagoon Merger Sub, Inc. Westlake is now the successor employer and sponsor of the PPG Industries or Axiall plan(s) involved in this present matter. Plaintiff has been appointed Plan Administrator.[1]

7.

Defendant is presently receiving pension benefits pursuant to a pension agreement between PPG Industries, Inc. and his Union. As part of a series of inter-plan asset and liability transfers, the retirement plan obligations were transferred to Eagle U.S. 2 LLC, which created the Eagle U.S. 2 LLC Retirement Pension Plan, the plan that controls the pension rights of Defendant.

8.

The Defendant has filed a workers' compensation claim against his former employer(s) alleging he is entitled to workers' compensation indemnity benefits due to his inability to work caused by occupationally induced hearing loss.

9.

Should the Defendant prevail on his claim, he may be awarded a substantial amount of back benefits and be entitled to additional future benefits under the Louisiana workers' compensation program.

---

[1] See the Third Amendment to the Eagle US 2, LLC Retirement Pension Plan.

10.

Under the terms of the Plan, a participant's benefits payable under the Plan are to be reduced by any amount paid or payable to a Plan participant on account of occupational injury for which PPG or EAGLE U.S. 2 LLC[2] are liable under any workers' compensation law. (Section 3.8). Specifically, the plan reads as follows, in pertinent part:

    3.8    **Occupational Injury or Disease**

        (a)    Except as provided in paragraph (d) below, **the amount of any benefits payable under this Plan will be reduced, in accordance with paragraph (c) below, by any amount paid or payable to, or on behalf of, a Participant on account of** occupational injury or disease for which the Company is liable under any statutory or common law - for example, but not by way of limitation, **Workers' Compensation** or occupational disease laws- ("Occupational Pension").

\* \* \*

        (c)    (1) **Benefits paid or payable under this Plan will be reduced by the amount of any Occupational Pension which is paid or payable for the same period(s) as benefits hereunder**.

            (2) **In the event the Occupational Pension is paid as a lump sum in lieu of periodic payments, benefits paid or payable under this Plan will be reduced by an amount equivalent to the periodic payment(s) for which such lump sum is a substitute; such reduction(s) shall be applied to the period(s) covered in determining such lump sum amount**.

        (d)    This Section 3.8 shall not apply to any benefit payable in accordance with Section 3.5.[3]

---

[2] Eagle U.S. 2 LLC is and has been a corporate subsidiary of Axiall Corporation.
[3] 3.5 **Disability Pension:**
(a) **Subject to Sections** 3.6, 3.7, **3.8**, 3.10 and 3.11 and to paragraph (b) below, the amount of the Disability Pension payable to a Participant shall be determined in accordance with the following Table3.5:
(emphasis added).

(emphasis added).

11.

The validity of such workers' compensation offsets is well-established and permitted under ERISA. *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 101 S. Ct. 1895 (1981).

RELIEF

12.

Pursuant to Fed. R. Civ. Pro. 57, Plaintiff requests a declaratory judgment from this Court recognizing the Plan's right to reduce, withhold, and/or recover the pension benefits payable to Defendant if he receives a judgment or order awarding him workers' compensation indemnity benefits for any period of time for which pension benefits would also be payable. Plaintiff requests a speedy hearing.

Respectfully Submitted,

STOCKWELL, SIEVERT, VICCELLIO
CLEMENTS & SHADDOCK, L.L.P.


       s/John J. Simpson
JOHN J. SIMPSON (LA Bar no.: 28761)
127 W. Broad Street, 4th Floor
P. O. Box 2900
Lake Charles, LA 70601
Telephone: (337)436-9491
Facsimile: (337)493-7210
jjsimpson@ssvcs.com